File No. 617300S0IP

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RODNEY MOSS and GERALDINE FERGUSON, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) Case No. ) |
| GISELE GEORGE, | ) ) ) |
| Defendant. | ) |

| | |
|---|---|
| Marc J. Mendelson | Andrew P. Rice |
| Judith r. Herman | Cray Huber Horstman Heil & VanAusdal LLC |
| Mike Morse Law Firm | 303 West Madison Street |
| 24901 Northwestern Highway | Suite 2200 |
| Suite 700 | Chicago, Illinois 60606 |
| Southfield, Michigan 48075 | (312) 332-8450 |
| (248) 350-9050 | apr@crayhuber.com |
| judy.herman@855mikewins.com | Assistant: corinne@crayhuber.com |

## NOTICE OF REMOVAL

NOW COMES Defendant, GISELE GEORGE, who by and through her attorneys, CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, hereby removes the action filed in the Circuit Court for the County of Wayne, State of Michigan pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 to the United States District Court, Eastern District of Michigan, and in support thereof states as follows:

1. Removal is proper in this case based on diversity jurisdiction when (1) Defendant timely filed her Notice of Removal within thirty days of service of the Complaint; (2) there is complete diversity of citizenship between the Plaintiff and the Defendant; and (3) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332, 1441.

2. On July 16, 2025, the Plaintiffs, RODNEY MOSS and GERALDINE FERGUSON, filed their Complaint in the Circuit Court for the County of Wayne, State of Michigan, Case No.

25-010988-NI, against GISELE GEORGE based in part upon a negligence theory. See a copy of the Complaint attached hereto and marked as Exhibit A.

3. The Defendant, GISELE GEORGE, was served with a copy of the plaintiff's complaint on August 18, 2025.

4. The Defendant, GISELE GEORGE, submitted her Appearance in the action pending in Wayne County on September 15, 2025. A copy of the notice of filing of this appearance is attached hereto and marked as Exhibit B.

5. Defendant, GISELE GEORGE, is a resident of the City of Windsor, province of Ontario, Canada. See paragraph 3, page 1, of Exhibit A.

6. Plaintiff, RODNEY MOSS, is a resident of the City of Romulus, County of Wayne, State of Michigan. See Paragraph 1, page 1, of Exhibit A.

7. Plaintiff, GERALDINE FERGUSON, is a resident of the City of Romulus, County of Wayne, State of Michigan. See Paragraph 2, page 1, of Exhibit A.

8. Accordingly, there exists a complete diversity of citizenship between the Plaintiffs, RODNEY MOSS and GERALDINE FERGUSON, and the Defendant, GISELE GEORGE now, and at the time of the incident complained of in the Plaintiffs' Complaint.

**The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

9. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. In their Complaint at Law, Plaintiffs do not seek a specific amount of damages.[1] However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

---

[1] The Complaint states that Plaintiff's damages are " in excess of Twenty-Five Thousand ($25,000.00) Dollars" but does not state a specific amount. *See* Exhibit A, the Wherefore paragraph, page 5.

11.     Plaintiff, RODNEY MOSS, is understood to have sustained traumatic injuries to his neck and back including a disc bulge with protrusion-type herniation at L5-S1, and disc bulges at C4-5, C3-4 and L4-5, traumatic injuries to his left shoulder including supraspinatus tendonitis, and traumatic injuries to his head and left hip.  See Paragraph 10, page 4, of Exhibit A.

12.     Plaintiff, GERALDINE FERGUSON, is understood to have sustained traumatic injuries to her neck and back including a disc herniation/protrusion at C4-5, disc bulges at T1-T4, and a disc bulge at L5-S1, and traumatic injuries to her arms.  See Paragraph 10, page 4, of Exhibit A.

13.     Given the alleged permanent nature of the Plaintiffs' purported injuries, the amount in controversy plausibly exceeds $75,000, as courts have routinely held in matters involving similar allegations.  *See, e.g., RSUI Indem. Co. v. JMT Dev. Inc.*, 572 F. Supp. 3d 482, 487 (N.D. Ill. 2021) (noting that damages for "permanent personal injury … could easily exceed $75,000"); *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1019 (N.D. Ill. 2015) (same); *Schultz v. Nice*, No. CV 05-523-WDS, 2006 WL 8455828, at *2 (S.D. Ill. Mar. 8, 2006) (same).

14.     Plaintiffs' Complaint specifically alleges that: as a result of said collision, Plaintiffs did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, and loss of natural enjoyments of life, due to their injuries.  It is further alleged that they suffer from a serious impairment of body function and/or permanent disfigurement.  See Paragraph 10, page 4, of Exhibit A.

15.     Plaintiffs' Complaint, as previously stated, demands judgment against the Defendants in a sum in excess of the jurisdictional limit of Circuit Court for the County of Wayne, State of Michigan, $25,000.00.  See Paragraph 4, page 1 of Exhibit A.

16.     Plaintiffs' injuries, as described in Plaintiffs' Complaint at Law, appear to be extensive.  As stated herein, Plaintiffs are alleging the following injuries, including, but not limited

3

to: injuries to Rodney Moss' neck and back, including a disc bulge with protrusion-type herniation at L5-S1, and disc bulges at C4-5, C3-4 and L4-5, traumatic injuries to his left shoulder including supraspinatus tendonitis, and traumatic injuries to his head and left hip; and Geraldine Ferguson's neck and back, including a disc herniation/protrusion at C4-5, disc bulges at T1-T4, and a disc bulge at L5-S1, and traumatic injuries to her arms.  See Paragraph 10, page 4, of Exhibit A.

17. Moreover, "Jurisdiction of the court is determined by the amount demanded in the plaintiff's pleadings, not by the sum actually recoverable or that found by the judge or jury on the trial...." *Zimmerman v. Miller,* 206 Mich. 599, 604–605, 173 N.W. 364 (1919); Properly understood, these cases stand for the proposition that what the plaintiff alleges he or she will be able to prove at trial, not what the fact-finder later determines (or the amount entered in a judgment), establishes the amount in controversy for the purpose of determining the court's subject-matter jurisdiction. "Jurisdiction does not depend upon the facts, but upon the allegations." *Zimmerman,* 206 Mich. at 604–605, 173 N.W. 364;  *Trost v. Buckstop Lure Co., Inc.,* 249 Mich.App. 580, 586, 644 N.W.2d 54 (2002) quoting *Grubb Creek Action Comm. v. Shiawassee Co. Drain Comm'r,* 218 Mich.App. 665, 668, 554 N.W.2d 612 (1996); ;and *Altman,* 197 Mich.App. at 472, 495 N.W.2d 826 ("Jurisdiction always depends on the allegations and never upon the facts.").  In this matter, plaintiffs have alleged that the claimed damages exceed $25,000.

18. Thus, the allegations, combined with the severity of the injuries claimed by the plaintiffs, it is certainly more likely than not, that Plaintiffs' alleged claims, combined, exceed the $75,000.00 amount in controversy requirement.

**Venue**

19. Venue properly rests in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 93(a) because it encompasses Wayne County, Michigan, where this action was originally filed.

## Conclusion

20. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the Plaintiffs and the Defendant are citizens of different countries and states, and the amount in controversy is in excess of $75,000.00. As such, the underlying State court action is one which may be removed to this Court by the Defendant pursuant to provisions of 28 U.S.C. §1441.

21. This Notice of Removal is timely in that it is filed within thirty (30) days from the date Defendant, GISELE GEORGE, was served with a copy of the plaintiffs' Complaint, on August 18, 2025. 28 U.S.C. § 1446(b).

22. A copy of this Notice for Removal will be promptly served upon the Plaintiffs, and a Notice will be filed with the Clerk of the Circuit Court of Wayne County, Michigan, in accordance with 28 U.S.C. § 1446(d). See copy of Notice attached hereto as Exhibit C.

WHEREFORE, the Defendant, GISELE GEORGE, prays that this cause proceed in this Court as an action properly removed from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC

By: *Andrew P. Rice*
       Andrew P. Rice

Andrew P. Rice (P79302)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
apr@crayhuber.com
*Attorneys for Defendant GISELE GEORGE*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Notice of Removal via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record from 303 West Madison Street, Suite 2200, Chicago, Illinois 60606 at or before 5:00 p.m. on September 15, 2025, and that this statement as set forth is true and correct.

By: *Andrew P. Rice*
Andrew P. Rice

# **EXHIBIT A**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RODNEY MOSS and  
GERALDINE FERGUSON

       Plaintiffs,

v.

GISELE GEORGE,

       Defendant.

_____/

Case No: 25         NI

Hon.

**Marc J. Mendelson P-52798**  
**Judith R. Herman P-40477**  
MIKE MORSE LAW FIRM  
Attorneys for Plaintiff  
24901 Northwestern Highway, Suite 700  
Southfield, Michigan 48075-l816  
(248) 350-9050; Fax (248) 671-5264  
judy.herman@855mikewins.com  
deborah.torossian@855mikewins.com  
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint. MCR 1.109(D)(2)(a)(i).

*/s/Judith R. Herman*
_____
Marc J. Mendelson P-52798  
Judith R. Herman P-40477

NOW COME Plaintiffs, Rodney Moss and Geraldine Ferguson, by and through their attorneys, Mike Morse Law Firm, and for their Complaint against the above-named Defendant, Gisele George, state as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Rodney Moss, is a resident of the City of Romulus, County of Wayne, State of Michigan.

2. Plaintiff, Geraldine Ferguson, is a resident of the City of Romulus, County of Wayne, State of Michigan.

3. Defendant, Gisele George, upon information and belief, is a resident of the City of Windsor, Province of Ontario, Canada.

4. The amount in controversy is in excess of $25,000.00 exclusive of interest and costs and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT, GISELE GEORGE

5. Plaintiffs hereby adopt and incorporate by reference each and every allegation contained in paragraphs l through 4 of this Complaint.

6. On or about January 2, 2025, Plaintiff, Rodney Moss, was the operator of a 2018 Chevrolet Suburban motor vehicle, bearing Michigan license plate number EXE9550, in which Plaintiff, Geraldine Ferguson, was a passenger, which motor vehicle was being driven in a careful and prudent manner on eastbound Eureka Road, at or near its intersection with South Telegraph Road, in the City of Taylor, County of Wayne, State of Michigan.

7. At the aforementioned place and time, Defendant, Gisele George, was the owner and operator of a 2019 Cadillac XT4 motor vehicle, bearing Ontario, Canada license plate number CTPF756, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner while attempting an unlawful and improper left turn in a southwesterly direction from westbound Eureka Road onto on southbound South Telegraph Road, in the City of Taylor, County of Wayne, State of Michigan, when said Defendant failed to yield to

Plaintiffs' vehicle and did violently strike Plaintiffs' vehicle, causing serious and permanent injuries to Plaintiffs as hereinafter alleged.

8. On the aforementioned day and date, Defendant, Gisele George, owed a duty to operate her vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Taylor.

9. Contrary to the duties owed to Plaintiffs, Defendant, Gisele George, was negligent, careless and reckless in several respects, including the following:

    a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    b) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

    c) Failing to keep the motor vehicle constantly under control;

    d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;

    f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiffs' oncoming vehicle would endanger the life or property of other persons using the roadway;

    g) Failing to yield to all approaching vehicles, MCL 257.649, MCL 257.650;

    h) Failing to exercise reasonable and ordinary care to keep a sharp lookout so as to avoid striking Plaintiffs' vehicle;

    i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

    j) Failing to make timely use of the braking system with which said vehicle is equipped;

k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

l) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

m) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

n) Failing to obey a traffic control signal in violation of MCL 257.612;

o) Failing to obey a traffic control device in violation of MCL 257.611; and,

p) Negligently moving from her lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642;

q) Negligently attempting an improper and/or prohibited turn in violation of MCL 257.647; and,

r) Performing other acts of negligence not yet known to Plaintiffs but will be ascertained during the discovery of said litigation.

10. As a result of said collision, Plaintiffs did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, and loss of natural enjoyments of life, due to their injuries which include but are not limited to: **Plaintiff, Rodney Moss***: traumatic injuries to his neck and back including a disc bulge with protrusion-type disc herniation at L5-S1, and disc bulges at C4-5, C3-4 and L4-5, traumatic injuries to his left shoulder including supraspinatus tendonitis, and traumatic injuries to his head and left hip,* among others, **Plaintiff, Geraldine Ferguson:** *traumatic injuries to her neck and back including a disc herniation/protrusion at C4-5, disc bulges at T1-T4, and a disc bulge at L5-S1, and traumatic injuries to her arms,* among others, all of which constitute a serious impairment of body function and/or serious, permanent

disfigurement. Plaintiffs suffered serious impairments of body function. Plaintiffs' impairments are objectively manifested; are impairments of an important body function; and affect Plaintiffs' general ability to lead their normal lives.

11. In the event it should be determined that Plaintiffs were suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

12. Plaintiffs' damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiffs also claim excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiffs for the subject accident.

WHEREFORE, Plaintiffs, Rodney Moss and Geraldine Ferguson, respectfully request that judgment be entered in their favor against Defendant, Gisele George, for whatever amount in excess of $25,000.00 they are found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiffs for their injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

        Respectfully submitted,

        MIKE MORSE LAW FIRM
        Attorneys for Plaintiff

        /s/ Judith R. Herman
        _____
        Marc J. Mendelson P-52798
        Judith R. Herman P-40477
        24901 Northwestern Highway, Suite 700
        Southfield, Michigan 48075
        (248) 350-9050

Dated:   July 16, 2025

# **EXHIBIT B**

617300S0IP

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| RODNEY MOSS and GERALDINE FERGUSON, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) Case No. 25-010988-NI ) |
| GISELE GEORGE, | ) ) |
| Defendant. | ) |

**NOTICE OF FILING**

TO:  Marc J. Mendelson
Judith R. Herman
Mike Morse Law Firm
24901 Northwestern Highway
Suite 700
Southfield, MI 48075-5264

YOU ARE HEREBY NOTIFIED that on **September 15, 2025**, there was e-filed with the Clerk of the Circuit Court for the County of Wayne, State of Michigan, **Appearance – Gisele George**, a copy of which is attached hereto.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
 & Van AUSDAL LLC

By: *Andrew P. Rice*
Andrew P. Rice

Andrew P. Rice (apr@crayhuber.com)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
*Attorney for Defendant Gisele George*

**PROOF OF SERVICE**

    I certify that I served this Notice by emailing a copy to each person to whom it is directed at the address above indicated on September 15, 2025.

By: *Andrew P. Rice*  
Andrew P. Rice

**EXHIBIT C**

617300S0IP

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| RODNEY MOSS and GERALDINE FERGUSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. 25-010988-NI |
| ) | |
| GISELE GEORGE, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, GISELE GEORGE, files this Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1446(d).

Notice is hereby given that, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, GISELE GEORGE, has, on this 9th day of September, 2025, filed in the United States District Court for the Eastern District of Michigan a Notice of Removal to remove civil action, Court No. 25-010069-NI, from the Circuit Court for the County of Wayne, Michigan to the United States District Court for the Eastern District of Michigan. *See* Notice of Removal (Ex. A). Pursuant to 28 U.S.C. § 1446(d), removal is effective with the filing of such notice, and the state court is to proceed no further unless and until the case may be remanded.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
 & Van AUSDAL LLC

By: *Andrew P. Rice*
 Andrew P. Rice

Andrew P. Rice (apr@crayhuber.com) (P79302)
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
*Attorney for Defendant Gisele George*